IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM CHRISTOPHER SMITH, individually; as father and next friend of ALEXANDRIA SMITH and CHRIS SMITH, minors; and as Administrator of the Estate of MONICA SMITH, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 98-A-947-N |
| CARL ATKINSON and METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, et. al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF PRO AMI SETTLEMENT

This cause coming on to be heard for Pro Ami consideration and upon the Petition for Approval of Pro Ami Settlement, the Court having on July 9, 2001, heard testimony in open court as well as having considered the matters set out in said Petition which were orally stipulated in the aforesaid Pro Ami hearing, finds that William Christopher Smith is the father of Alexandria Smith and Chris Smith, minors, and is the Administrator of the Estate of Monica Smith, deceased. William Christopher Smith is the parent having the care and custody of said minors and is entitled to maintain this action for them. The Court finds that Plaintiffs Alexandria Smith and Chris Smith, suing by and through their father and next friend, William Christopher Smith, are due to recover from the Defendants. The Court further finds from the evidence and matters of record before it, that entry of the pro ami settlement is in the best interest of each of the said minor children and that the entry of the settlement in favor of the Estate of Monica Smith is in the best interest of that estate. The entry

EOD 7/24/01

70

of pro ami judgments for two minor Plaintiffs and settlement of the claims of William Christopher Smith both individually and as Administrator of the Estate of Monica Smith are intended by the parties to constitute a full and final disposition of the above-captioned matter as to Defendants Metropolitan Property and Casualty Insurance Company and Carl Atkinson, and further, the Plaintiffs do release and discharge said Defendants from any further liability arising out of the destruction and/or loss of the mini-van made the basis of Plaintiffs' claims.

This Court finds that the parties have entered into a settlement that is in the best interests of both minor children and that the amounts to be distributed to the minor children are acceptable to the Court. The parties have not, however, provided the Court with sufficient information regarding distribution of the funds through the annuities or the conservatorship to be established in the State of Nevada to render a final ruling on this matter. The Court does, however, approve the terms of this settlement as set forth below with the stipulation that the parties supplement with the filing of additional information regarding the distribution and protection of funds for the minor children through the proposed annuities and the conservatorship.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a pro ami settlement is approved on the following terms subject to the Court being provided with detailed information regarding the distribution and protection of funds for the minor children through the annuities and the proposed conservatorship:

1. Plaintiff William Christopher Smith and the Estate of Monica Smith will receive an amount of $87,360.00 and $422,240.00, respectively, as settlement of said claims. Said amounts will be subject to a reduction by Plaintiffs' counsel for a 40% fee arrangement.

2. The Plaintiff minor child, Chris Smith, will receive an annuity which will be funded from a payment of $87,360.00. Plaintiffs' counsel will receive a fee of $34,944.00 (40%) from this

amount, leaving a net settlement of $52,416.00 to fund the annuity. The annuity shall provide payments to Chris Smith in the amount of $981.00 monthly for life, with 20 years guaranteed, beginning on May 2, 2026. The last guaranteed payment is due on April 2, 2046. Chris Smith will also receive a $25,000 guaranteed lump sum payment on May 2, 2016 and a $50,000 guaranteed lump sum payable on May 2, 2021. The parties shall supply the Court and Guardian ad Litem with copies of the annuities for review and approval.

3. The Plaintiff minor child, Alexandria Smith, will receive an annuity which will be funded from a payment of $131,040.00. Plaintiffs' counsel will receive an attorney fee of $52,416.00 (40%) from this amount, leaving a net settlement of $78,624.00 to fund the annuity. The annuity shall provide payments to Alexandria Smith in the amount of $1,303.00 monthly for life, with 20 years guaranteed, beginning on March 14, 2023. The last guaranteed payment is due on February 14, 2043. Alexandria Smith will also receive a $25,000 guaranteed lump sum payment on March 14, 2013 and a $50,000 guaranteed lump sum payable on March 14, 2018. The parties shall supply the Court and Guardian ad Litem with copies of the annuities for review and approval.

4. In the event of the death of Chris Smith or Alexandria Smith, any of the remaining payments due under the respective annuities will be paid to their father, William Christopher Smith, as Successor Payee/Recipient. In the event of the death of William Christopher Smith, any of the remaining payments will be paid to the estates of Chris or Alexandria Smith, respectively.

5. Plaintiffs' counsel will receive $22,000.00 as reasonable and necessary expenses incurred in prosecution of said lawsuit.

6. Payment of these proceeds shall be made to Plaintiffs' counsel or directly to the insurance company funding the annuities.

7. William Christopher Smith shall establish a conservatorship in the State of Nevada and said conservatorship will be processed through the Probate Courts of the State of Nevada in accordance with the state law of Nevada. The funds that are not being provided directly to the insurance company for purchase of annuities shall remain in the trust account of plaintiffs' counsel until such time as proof has been provided to the Court that the conservatorship has been established in the State of Nevada. The Court requires that proof be furnished to the Court and the Guardian ad Litem that an inventory has been properly filed with the probate court for the State of Nevada showing that the funds have been paid into the Court or invested (through annuity or otherwise) and will be protected for the benefit of the minor children until said minor children reach the age of majority.

8. The Court orders that upon approval of this settlement and payment of the proceeds as directed by this Court that the Defendants shall be relieved of all responsibility and shall be fully released of any liability for any claims made in this litigation.

9. The Court Orders that a reasonable attorney fee for the Guardian ad Litem shall be paid based up a reasonable hourly rate by the Defendant after all funds have been disbursed as outlined herein.

WHEREFORE, the Court having had an opportunity to observe the minor Plaintiffs, taken testimony in open court, reviewed deposition excerpts from Christopher Smith, said Court is satisfied that the Pro Ami Settlement as set out hereinabove is in the best interest of the two minor Plaintiffs, Alexandria Smith and Chris Smith. If the parties supply satisfactory information regarding the annuities and evidence that a conservatorship has been established for the two minor children in the State of Nevada as set forth herein, this Court will give final approval to the settlement and dismiss this matter with prejudice.

ORDERED this 24th day of July, 2001.

/s/ W. Harold Albritton
W. Harold Albritton, Chief Judge

# CIVIL APPEALS CHECKLIST

1. <u>Appealable Orders</u>: Courts of Appeals have jurisdiction conferred and strictly limited by statute:
   *Appeals from Final Orders Pursuant to 28 U.S.C. § 1291:* Only final judgments for orders of district courts (or final orders bankruptcy courts which have been affirmed by a district court under 28 U.S.C. §158) usually are appealable. A "final" order one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate report and recommendation is not usually final until judgment thereon is entered by a district court judge. <u>Compare</u> Fed.R.App 5.1, 28 U.S.C. §636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. <u>See Pitney Bowes, Inc. v. Mestre,</u> 701 F.2d 1365, 1369 (11th Cir. 1983), <u>cert. denied</u> 464 U.S. 893(1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. <u>Buchanan v. Stanships, Inc.,</u> 495 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289(1988); <u>Budinich v. Becton,</u> 485 U.S. 196, 108 S.Ct.1717, 100 L.Ed 2d 178 (1988)

   *Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5:* The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate not itself appealable.

   *Appeals Pursuant to 28 U.S.C. § 1292(a):* Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and "[i]nterlocutory decrees... determining the rights and liabilities of parties to admiralty cases..." This statute does not permit appeals from temporary restraining orders.

   *Appeals pursuant to Judicially Created Exceptions to the Finality Rule:* These limited exceptions are discussed in many cases including (but not limited to): <u>Cohen v. Beneficial Industrial Loan Corp.,</u> 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); <u>Forgay v. Conrad,</u> 6 How. (47 U.S.) 201 (1848); <u>Gillespie v. United States Steel Corp.,</u> 379 U.S. 148, 152, 85 S.Ct. 308, 31 13 L.Ed 2d 199 (1964); <u>Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc.,</u> 890 F.2 371 (11th Cir. 1989). Compare <u>Coopers and Lybrand v. Livesay,</u> 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978) <u>Gulfstream Aerospace Corp. V. Mayacamas Corp.,</u> 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988).

2. <u>Time for Filing</u>: To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   *FRAP 4(a)(1):* The notice of appeal required by FRAP 3 "must be <u>filed with the clerk of the district court</u> within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by <u>any party</u> within 60 days after such entry..." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   *FRAP 4(a)(3):* "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the <u>first</u> notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   *FRAP 4(a)(4):* If <u>any</u> party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in FRAP 4(a)(4), the time for appeal for <u>all</u> parties runs from the entry of the order disposing of the last such timely filed motion outstanding.

   *FRAP 4(a)(5) and FRAP 4(a)(6):* The <u>district</u> court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   *FRAP 4(c):* "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. <u>Format of Notice of Appeal</u>: Form 1, FRAP Appendix of Forms, is a suitable format. <u>See also</u> FRAP 3(c).
   A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as make joinder practicable..." (FRAP 3(b)]

4. <u>Effect of Notice of Appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (<u>see</u> Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4)